Gaston, Judge.
 

 After stating the facts as above, proceeded: — Upon these facts it is manifest that the relation of mortgagor, and mortgagee did originally exist between the plaintiff and the intestate, the ancestor of the defendants. It is almost equally plain that whatever might he the form of the proceedings at the sheriff’s sale, or the legal effect of the sheriff’s deed, the mortgagor and mortgagee intended by this latter transaction, but the removal of an incumbrance which for some cause or other was supposed to affect, and which by reason of the non-registration of the defeazance, did affect the mortgaged property, and it would follow from the acknowledged principles of a court of equity, as' well as from the plain intent of the parties, that the re
 
 *557
 
 lation of mortgagor ami mortgagee, continued after the sale, and that the sheriff’s deed was but a further security to cover the further advances made. Objections however have been made to the receiving of the proofs. It was insisted that as the Sheriff’s deed was absolute, the admission of these proofs would be not only a violation of the rule which forbids a
 
 written instrument to be con
 
 tradicted, varied or explained by parol, but is an attempt to set up a'parol contract in relation to lands,in contradiction to the act of 1819, entitled an act to make void parol contracts respecting lands and slaves. Neither of these objections appear to us well founded. With respect to the former, it may be remarked in the first place,that the testimony is not offered to explain or vary the contract between the sheriff and the purchaser at execution sale, who alone are the parties to the conveyance of the sheriff, and secondly that it has been long since settled (see case of
 
 Streator
 
 v.
 
 Jones,
 
 3
 
 Hawks,
 
 423) that in equity, facts and circumstances
 
 dehors an
 
 absolute deed — such as inadequacy of the alleged price, possession remaining with the supposed vendor, and the supposed vendee claiming still to continue a creditor for the money advanced — may be received in evidence, to shew that the purpose of the conveyance was to give a pledge or security for the repayment of the money.— Nor is it apprehended, that this rule of equity is at all affected by the act of 1819. But at all events, in this case, the original right of the plaintiff to redeem is evidenced by the written agreement of
 
 Stanton, and the
 
 facts connected with tiie sheriff’s sale are properly examinable in order to ascertain whether, in that transaction,
 
 Stanton
 
 acted in his individual, or in his fiduciary character . If in the latter, neither he nor liis heirs can set it up to the injury of the plaintiff.
 

 Tacts and circumstances
 
 de hors
 
 an absolute deed may,in equity, be proved, to show that it was executed merely as a security.
 

 The case of
 
 Streator
 
 v.
 
 Jones
 
 (3 Ha-whs, 433) approved.
 

 The court is of opinion that the plaintiff is entitled
 
 to
 
 redeem, and therefore doth direct the usual accounts to be taken.
 

 Pee Cukiam. — Direct an account.